**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAYTON ERNEST LONGACRE, | No.    18-35153 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05900-RBL |
| v. | |
| KITSAP COUNTY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted November 27, 2018[**]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Clayton Ernest Longacre appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising out of a

Washington state court small claims case.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Longacre's claims was proper because Longacre failed to allege facts sufficient to state plausible claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true (citation and internal quotation marks omitted)); *Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (a party's conclusory allegations, unwarranted deductions of fact, or unreasonable inferences need not be accepted as true).

The district court did not abuse its discretion by taking judicial notice of documents from the state court action. *See* Fed. R. Evid. 201(e); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (setting forth standard of review and circumstances in which the district court may take judicial notice of matters of public record in ruling on a motion to dismiss for failure to state a claim).

Contrary to Longacre's contention, the district court did not err by taking judicial notice of these documents without a hearing because Longacre had an

18-35153

opportunity to be heard by filing objections to defendants' request for judicial notice.

**AFFIRMED.**